```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

LARRY CLELAND,                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )    Case No. CIV-15-451-RAW-KEW
                                  )
NANCY A. BERRYHILL, Acting        )
Commissioner of Social            )
Security Administration,          )
                                  )
          Defendant.              )
```

## REPORT AND RECOMMENDATION

Plaintiff Larry Cleland (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 6, 1971 and was 43 years old at the time of the ALJ's latest decision. Claimant completed his high school education. Claimant has previously worked as a machinist. Claimant alleges an inability to work beginning June 1, 2008 due to limitations resulting from back pain, osteoarthritis, hernia, high blood pressure, anxiety, depression, and fatigue.

3

**Procedural History**

On June 30, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, an Administrative Law Judge ("ALJ") entered an unfavorable decision which the Appeals Council declined to review. On March 21, 2014, this Court reversed and remanded the case for further proceedings. On July 24, 2014, the Appeals Council remanded the case to the ALJ.

On February 19, 2015, ALJ Edmund C. Were conducted a further administrative hearing, recognizing this Court's remand directives. On March 11, 2015, the ALJ entered a second unfavorable decision. The Appeals Council denied review of the ALJ's decision on September 24, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual

4

functional capacity ("RFC") to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to comply with the instructions in this Court's remand order; (2) failing to conduct a proper credibility analysis; and (3) improperly discrediting the opinions of Claimant's treating physicians.

**Compliance with Remand Directives**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, status post right femur fracture, right knee impairment, hypertension, obesity, umbilical/ventral hernia repair, borderline intellectual functioning, generalized anxiety disorder, dysthymic disorder, pain disorder due to general medical condition, and alcohol and benzodiazapine abuse. (Tr. 554). He also found Claimant retained the RFC to perform sedentary work, concluding he can lift up to 10 pounds, he can stand/walk for two hours in an eight hour workday and sit for six hours in an eight hour workday. Claimant could not climb ladders, ropes, or scaffolds. The ALJ also determined Claimant was able to understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and

5

routine in nature.  Claimant was able to relate and interact with co-workers and supervisors on a work-related basis only with no to minimal interaction with the general public.  Claimant could adapt to a work situation with these restrictions and his medications would not preclude him from remaining reasonably alert to perform the required functions presented in a work setting.  (Tr. 556). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of circuit board assembler and clerical mailer, both of which the ALJ determined existed in sufficient numbers in the state and national economies. (Tr. 568).  As a result, the ALJ determined Claimant was not disabled from June 1, 2008 through the date of the decision.  Id.

Claimant contends that the ALJ failed to comply with the directions contained in this Court's remand Order.  Specifically, the reports, medical records, and attending physician's statement of Dr. Zachariah J. Anderson found Claimant suffered from various conditions such as osteoarthritis, back spasms, ventral hernia, hypertension, sciatica, herniated intervertebral disc, and anxiety. (Tr. 515).  He found Claimant would have to take unscheduled breaks, would experience good and bad days, would be absent from work about four days per month, would not improve in the future, could use his feet for repetitive movements, and would need a

6

sit/stand/walk at will option. (Tr. 510, 637). The prior ALJ gave Dr. Anderson's opinion "little weight", finding his treatment records revealed results which were "almost entirely within normal limits." (Tr. 638). This Court determined that the ALJ's finding in this regard was not supported by Dr. Anderson's treatment records and directed that he re-evaluate Dr. Anderson's opinion and provide a weight analysis to which a treating physician's opinion is entitled. (Tr. 638).

In the latest decision by a different ALJ, Dr. Anderson's statement is not given controlling weight. The basis for this finding is summarized by the ALJ as follows: (1) Dr. Anderson had only seen Claimant twice before authoring the Attending Physician's Statement; (2) the treatment records revealed normal station and posture with good reflexes and symmetry; (3) Claimant had been out of pain medication for ten days but Dr. Anderson wanted to review his medical records before refilling the narcotics; (4) the treatment records from Claimant's second examination by Dr. Anderson showed no abnormalities, although Claimant complained of tenderness and muscle spasms; and (5) a follow up was recommended but no record of a subsequent visit was contained in the records. (Tr. 564-65).

The ALJ examined the Attending Physician's Statement for

consistency with the record. He found that (1) the "longitudinal medical evidence" showed Claimant had been maintained on an outpatient basis with medication and surgery to address his hernia; (2) his physical examinations with Dr. Anderson showed full range of motion without pain in all extremities with no diminished strength; (3) leg raise was negative; (4) heel to toe walking was completed without difficulty; (5) Claimant's gait was stable without assistive devices; (6) Claimant was able to rise from a seated position without difficulty; (7) he ambulated at an appropriate speed; (8) he was oriented as to person, time, and place; and (9) he displayed a normal affect. The ALJ concluded that Dr. Anderson based his limitations upon Claimant's subjective complaints and not the information derived from his examinations and is not supported by the objective findings of any other medical source. (Tr. 565).

Claimant appears to take issue with the manner in which the ALJ characterized this issue on remand. The ALJ stated, "Counselor, what is the court asking us to do? We're supposed to give, listen, I mean, determine what . . . why we're not giving Dr. Anderson controlling weight?" Counsel responded "that's the first question" adding that an second medical source statement had been obtained. (Tr. 572). Claimant now contends this statement showed

8

bias since the ALJ did not identify the issue as whether Dr. Anderson's opinion should be given controlling weight. While the ALJ may have inarticulately stated the issue on remand orally at the hearing, he certainly addressed the appropriate issue in his decision. Moreover, counsel made no attempt to recharacterize the issue before the ALJ when asked for his interpretation of this Court's Order.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the

9

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). The ALJ provided appropriate support for the basis in providing reduced weight to Dr. Anderson's opinion. No error is attributed to this analysis.

**Credibility Evaluation**

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Treating Physician's Opinion**

Claimant reiterates his arguments on the consideration of Dr. Anderson's opinion. This Court has addressed this issue in relation to whether the ALJ complied with this Court's instructions on remand. Claimant appears to make the additional argument that he has no control over which physician he sees when attending the clinic so the ALJ should not have held the fact he only saw Dr. Anderson twice against him. The problem with this argument lies in the fact that Dr. Anderson appears to have relied upon his two visits in preparing his Attending Physician's Statement which encapsulated his opinion. Additionally, the ALJ concluded in this

latest opinion that the subjective complaints of Claimant were not supported by the objective record. This Court would note that one of the primary conditions for which Claimant sought treatment was his umbilical hernia which admittedly caused him pain and difficulty. Claimant, however, underwent repair surgery on November 4, 2014 and the medical record indicates a good result.

Dr. Tony Brown also attended Claimant on two occasions at the same clinic as Dr. Anderson. He also found Claimant to need unscheduled breaks, would experience good days and bad days, would require about four days off work per month, would not improve his condition, and would need a sit/stand/walk at will option. (Tr. 887). Dr. Brown's treatment notes found abnormalities related to Claimant's hernia and complaints of tenderness in Claimant's lower back. (Tr. 863-64, 867). Dr. Brown's records do not reveal the level of limitation which his Attending Physician's Statement professes to establish. No error is found in the ALJ's evaluation of either Dr. Anderson's or Dr. Brown's opinions represented in their medical source statements.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE